UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONNIE BEE CISLO, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:18-cv-02870-SEB-TAB ) |
| DUSHANE ZATECKY, CURTIS HILL, | ) ) ) ) |
| Respondents. | ) |

**Entry Denying Motion to Dismiss Petition for Writ of Habeas Corpus**

The petition of Ronnie Bee Cislo for a writ of habeas corpus challenges Reception and Diagnostic Center (RDC) disciplinary proceeding RDC 18-05-0028. The respondent has filed a motion to dismiss arguing that because Mr. Cislo was released from the custody of the Indiana Department of Correction (IDOC) on November 2, 2018, the restoration of earned credit time that he sought in his petition for writ of habeas corpus could not have any impact on the duration of his custody. Mr. Cislo has not responded to the motion to dismiss and his time to do so has passed. For the reasons set forth below, the respondent's unopposed motion to dismiss, dkt. [7] is **denied without prejudice.**

On May 22, 2018, Mr. Cislo was found guilty of threatening in proceeding RDC 18-05-0028. His sanctions included a written reprimand, the deprivation of 25 days of earned credit time, and the demotion of one credit class. On September 18, 2018, Mr. Cislo filed his petition for writ of habeas corpus challenging disciplinary proceeding RDC 18-05-0028.

Mr. Cislo was release from the custody of the IDOC on November 8, 2018. Dkt. 8.[1] Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. Prisoners may allege such a violation by bringing a petition for habeas corpus pursuant to 28 U.S.C. § 2254.

"A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (citation and quotation marks omitted). A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." Therefore, a habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).

Parole is a form of custody, and under Indiana law, "parole never lasts more than two years, or the end of the sentence, whichever comes first." *Id.* (citing Ind. Code § 35-50-6-1). There is thus a "link between good-time credits and release on parole." *Id.* If the loss of good-time credits extends the petitioner's release date such that it extends the date on which the petitioner's parole ends, then the habeas petition could affect the duration of the petitioner's custody and release to parole does not render a petition moot. *Id.* But if the loss of good-time credits does not extend the date on which parole ends, the petitioner's release from prison to parole renders the habeas petition moot. *Id.*

---

[1] The motion to dismiss cites to Exhibit A as evidence that Mr. Cislo was released from the IDOC on November 2, 2018. Dkt. 8, p. 1. There is no exhibit A. And the IDOC offender locator website is not working. Site last visited December 7, 2018.

While Mr. Cislo is no longer in the custody of the IDOC, the respondent has failed to notify the Court whether he was released to parole or not. As such, the Court is unable to determine whether Mr. Cislo's habeas petition is moot. Accordingly, the motion to dismiss, dkt. [7], is **denied** without prejudice.

   **IT IS SO ORDERED**.

Date: 12/7/2018

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RONNIE BEE CISLO
149961
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov