UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RONNIE BEE CISLO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02870-SEB-TAB |
| | ) | |
| DUSHANE ZATECKY, | ) | |
| CURTIS HILL, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER GRANTING UNOPPOSED MOTION TO DISMISS
## AND DIRECTING ENTRY OF JUDGMENT

The petition of Ronnie Bee Cislo for a writ of habeas corpus challenges Reception and Diagnostic Center (RDC) disciplinary proceeding RDC 18-05-0028. The respondent has filed a motion to dismiss arguing that because Mr. Cislo was released from the custody of the Indiana Department of Correction (IDOC) on November 2, 2018, the restoration of earned credit time that he sought in his petition for writ of habeas corpus could not have any impact on the duration of his custody. Mr. Cislo has not responded to the motion to dismiss and his time to do so has passed. For the reasons set forth below, the respondent's unopposed motion to dismiss, dkt. [11], is **granted.**

On May 22, 2018, Mr. Cislo was found guilty of threatening in proceeding RDC 18-05-0028. His sanctions included a written reprimand, disciplinary segregation, and the demotion of one credit class. Dkt. 12. On September 18, 2018, Mr. Cislo filed his petition for writ of habeas corpus challenging disciplinary proceeding RDC 18-05-0028.

Mr. Cislo was released from the custody of the IDOC on November 2, 2018. Dkt. 12. Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class

without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 Fed. Appx. 347, 348 (7th Cir. 2018).

"A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." Therefore, a habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).

Parole is a form of custody, and under Indiana law, "parole never lasts more than two years, or the end of the sentence, whichever comes first." *Id.* (citing Ind. Code § 35-50-6-1). There is thus a "link between good-time credits and release on parole." *Id.* If the loss of good-time credits extends the petitioner's release date such that it extends the date on which the petitioner's parole ends, then the habeas petition could affect the duration of the petitioner's custody and release to parole does not render a petition moot. *Id.* But if the loss of good-time credits does not extend the date on which parole ends, the petitioner's release from prison to parole renders the habeas petition moot. *Id.*

Mr. Cislo is no longer in the custody of the IDOC and the trial court modified his remaining court supervision such that his entire sentence was complete on November 2, 2018. Dkt. 11-1. As a result, he is no longer under any kind of court supervision, probation, or parole. Because Mr. Cislo has been released from the IDOC and his entire sentence has been served, his habeas petition cannot affect the duration of his custody. The habeas action is moot and an action which is moot must be dismissed for lack of jurisdiction. Accordingly, the motion to dismiss, dkt. [11], is **granted**.

Judgment consistent with this Order shall now issue.

**The clerk is directed** to update the petitioner's address on the docket consistent with the distribution portion of this Order.

**IT IS SO ORDERED**.

Date: 3/7/2019

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RONNIE BEE CISLO
5927 West 800 North
Michigan City, IN 46360


Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov